IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3243-D

| | | |
|---|---|---|
| FREDDIE LEE RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHERIFF ED MCMAHON, | ) | |
| | ) | |
| Defendant. | ) | |

On September 15, 2014, Freddie Lee Riley ("Riley"), then a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1].[1] Riley proceeds in forma pauperis [D.E. 2, 10]. Riley seeks to amend his complaint to add a defendant and for appointment of counsel [D.E. 7, 16] and has filed several additional supplements to his complaint [D.E. 12–14, 18–19, 21]. Three additional former pretrial detainees have moved for joinder as plaintiffs [D.E. 8–9, 17], and one of those individuals seeks a preliminary injunction [D.E. 11].[2] As explained below, the court grants Riley's motion to amend and reviews all of his filings pursuant to 28 U.S.C. § 1915A, directs Riley to file an amended complaint, and denies the remaining motions.

---

[1] On February 3, 2015, Riley was convicted of felony hit and run causing serious injury or death. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/view offender.do?method=view&offenderID=1096013&searchOffenderId=1096013&listurl=pagelist offendersearchresults&listpage=1 (last visited June 1, 2015). On March 24, 2015, Riley was transferred to Nash Correctional Institution. Id.

[2] It appears that Joel Woods and Rick Toscano are no longer in custody. See N.C. SAVAN, https://www.vinelink.com/vinelink/initSearchForm.do?siteId=34003 (search by name) (last visited June 1, 2015). On July 14, 2014, Jacques Chavis pleaded guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agmt, United States v. Chavis, No. 4:14-CR-34-F-1 (E.D.N.C. July 14, 2014), [D.E. 21]. Chavis is now incarcerated at the United States Penitentiary - Lee. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by name) (last visited June 1, 2015).

I.

Riley seeks appointment of counsel. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Riley's abilities do not present exceptional circumstances. Accordingly, the court denies Riley's motions for appointed counsel [D.E. 7, 16].

Next, the court addresses the motions for joinder of Woods, Toscano, and Chavis [D.E. 8–9, 17]. These individuals fail to meet the criteria for permissive joinder. See, e.g., Fed. R. Civ. P. 20(a)(1); Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); Boretsky v. Corzine, No. 3:08-cv-2265-GEB, 2008 WL 2512916, at *5–6 (D.N.J. June 23, 2008) (unpublished) (collecting cases), aff'd sub nom., Boretsky v. Governor of N.J., 433 F. App'x 73 (3d Cir. 2011) (per curiam) (unpublished), cert. denied sub nom., Harvey v. Christie, 132 S. Ct. 1108 (2012). Thus, the court denies the motions. The court directs the clerk to mail these individuals a pro se packet, and informs these individuals that if any of them chooses to file a complaint in this court, he shall do so in a separate action only for himself, and he will not be permitted to proceed collectively with or on behalf of anyone else. See, e.g., Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005); Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). The court denies Chavis's motion for a preliminary injunction [D.E. 11] without prejudice. See Boretsky, 433 F. App'x at 78.

As for Riley's motion to amend [D.E. 7], a party may amend his pleading once as a matter

2

of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. See Fed. R. Civ. P. 15(a)(2). Because Riley's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, the court grants Riley's motion to amend and reviews all of his filings to determine whether Riley has stated a claim upon which relief can be granted.

When an inmate seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis

3

v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Riley's filings are not a model of clarity. Riley alleges "negligence and cru[el] and beyond unusual punishment by medical and the Sheriff staff" in medical treatment and jail conditions. Compl. [D.E. 1] 3. Riley describes several issues:

> The Medical dept. they refuse to give treatments prescribed from doctor.[3] I can't hardly walk from suffering from severe fungus from dirty showers. I have severe damage to my arm from injury that occ[urr]ed in this jail that is documented. I am being denied access to the law library and current law. Being denied access to my attorney because of the lockdown all day . . . . We are denied PREA access . . . [because] the jail has nothing posted concerning the Prison Rape Elimination Act. We are fed from carts that sometime set in the halls for 20 or 30 mins being exposed to germs and losing heat needed to be served at national and state standards . . . . We are only allowed to change our clo[thes] on[]ce a week. And never allowed to wash blankets. We are threatened with tasers constantly.[4] We are disrespected and be[littl]ed by staff if we have complaints.

Compl. [D.E. 1] 3–4.

Riley alleges that he suffers from food allergies and "officer Chappell" gave him food that he "knew . . . would make me sick if I ate it." [D.E. 16] 1; see [D.E. 17] 1. Riley also makes several allegations which arose after he commenced the action, and possibly at a different facility. See [D.E. 18] 1; [D.E. 19, 21]. Riley appears to name as defendants Sheriff McMahon and "Medical Dept.," "Regional Medical Director . . . Dr. Stubbs," and Officer Chapell. Compl. 2; [D.E. 7] 1; [D.E. 16] 1. Riley seeks monetary damages and injunctive relief. [D.E. 1] 4–5.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[3] Riley alleges that he suffers from asthma, which is "getting worst" because his daily requests for "my medication or a substitute" are denied. Am. Compl. [D.E. 7] 1.

[4] Riley connects "officer Chappell" with this allegation, and further alleges that Chappell "messed up my lunch and dinner" and "locked [Riley] up for 13 days." [D.E. 16] 1.

4

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, the Due Process Clause analysis is materially indistinguishable from the Eighth Amendment analysis. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001); Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992). Thus, to make out a prima facie case that pretrial confinement conditions violate the Due Process Clause, "a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted); see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis and quotation omitted). The second showing "requires [the court] to determine whether subjectively the officials acted with a sufficiently culpable state of mind." Id. (emphasis, alteration, and quotation omitted).

To satisfy the subjective showing, a plaintiff must prove that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "While . . . deliberate indifference entails something more than mere negligence, . . . it is

5

satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when he actually knows of and disregards "an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837–38; Estelle v. Gamble, 429 U.S. 97, 104–05 (1976); Waybright v. Frederick Cnty., Md., 528 F.3d 199, 206 (4th Cir. 2008).

"Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Hill, 979 F.2d at 991 (quotation omitted); see, e.g., Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). In order to prove a section 1983 claim for inadequate medical care, a plaintiff "must demonstrate that the officers acted with deliberate indifference (subjective) to the inmate's serious medical needs (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quotation omitted). A pretrial detainee, however, is not entitled to choose his course of treatment. See Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06. Disagreements over diagnoses and forms of treatment concern medical judgments and not the Eighth or Fourteenth Amendment. See id.

To the extent Riley identifies alleged PREA violations, Congress did not "create a private right of action for inmates to sue prison officials for noncompliance with the Act." De'lonta v. Clarke, No. 7:11-CV-483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (unpublished) (collecting cases), appeal dismissed, 502 F. App'x 265 (4th Cir. 2012) (per curiam) (unpublished). Thus, the court dismisses any PREA claim.

As for Riley's allegations that Officer Chappell threatened him or that any officer

6

"disrespected and be[littl]ed" him, a correctional officer's verbal abuse of an inmate, without more, does not violate the Constitution. See, e.g., Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.) (collecting cases), aff'd, 917 F.2d 1302, 1990 WL 174653 (4th Cir. 1990) (per curiam) (unpublished table decision). "The law is clear that mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Id. (quotation and alteration omitted). Thus, the court dismisses this claim.

As for Riley's allegations that food carts were "set in the halls for 20 or 30 mins being exposed to germs and losing heat needed to be served at national and state standards," Compl. 4, "[a]llegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim, so long as the deprivation is serious and the defendant is deliberately indifferent to the need." Wilson v. Johnson, 385 F. App'x 319, 320 (4th Cir. 2010) (per curiam) (unpublished) (citing Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978)); see Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985). Riley fails to allege any injury from the food, or that jail officials were aware of and ignored any sanitation issues with the food. Thus, the court dismisses the claim.

To the extent Riley challenges conditions which could be construed as denying him access to the courts, including denial of access to "a law library and current law" and inability to contact his attorney during a lockdown, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). To state a claim for denial of access to the courts, however, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v.

7

Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc). Isolated incidents without negative consequences to an inmate do not amount to a constitutional deprivation. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

In Lewis, the Court analyzed Bounds v. Smith, 430 U.S. 817 (1977), and the constitutional right of access to the courts by convicted prisoners. The Court stated:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355; Bourdon v. Loughren, 386 F.3d 88, 92–94 (2d Cir. 2004) (extending Lewis to pretrial detainees); Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156, 1159–60 (9th Cir. 2003) (same).

Riley has not stated a claim. The allegations of Riley's complaint—indeed, the filing of the complaint itself—demonstrate that Riley had access to the state and federal courts during his confinement. To the extent that Riley complains about an inability to telephone an attorney, Riley has no constitutional right to telephone an attorney. See Saunders v. Dickerson, No. 1:07cv1094(LMB/BRP), 2008 WL 2543428, at *4 (E.D. Va. June 25, 2008) (unpublished), aff'd, 313 F. App'x 665 (4th Cir. 2009) (per curiam) (unpublished). After all, the right at issue relates to contacting an attorney, and Riley (as evidenced by his multiple filings) can write to an attorney. Thus, Riley has failed to state a claim upon which relief can be granted, and this claim is dismissed.

As for Riley's allegations concerning weekly clothing changes and blankets not being washed, Riley "fails to allege an objectively serious deprivation." Simmons v. Cripps, No. 1:12-cv-1061-PAC-DCF, 2013 WL 1290268, at *16 (S.D.N.Y. Feb. 15, 2013) (unpublished), report and

recommendation adopted, 2013 WL 1285417 (S.D.N.Y. Mar. 28, 2013) (unpublished); see Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988). Thus, the court dismisses the claim.

As for Riley's claims against Sheriff McMahon or Dr. Stubbs, Riley has not plausibly alleged how these defendants were personally involved in the acts of which he complains. The doctrine of respondeat superior generally does not apply to a section 1983 action and dooms Riley's claims against these defendants. See, e.g., Iqbal, 556 U.S. at 676; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). As for the "Medical Dept.," Riley's "allegations that unspecified prison personnel violated his rights does not adequately state a [section] 1983 claim." Barnes v. Baskerville Corr. Ctr. Med. Staff, No. 3:07CV195, 2008 WL 2564779, at *1 (E.D. Va. June 25, 2008) (unpublished); see Douglas v. Lexington Cnty., No. 8:10-cv-1274-HMH, 2010 WL 2926510, at *2 (D.S.C. July 2, 2010) (unpublished), report and recommendation adopted, 2010 WL 2926496 (D.S.C. July 23, 2010) (unpublished). Thus, the court dismisses these defendants.

Finally, to the extent Riley attempts to amend his complaint to add a claim concerning actions starting in January 2015 when Officer Chappell and others gave him food to which they knew he was allergic, see [D.E. 16, 18, 21], this claim arose after Riley commenced the original action. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. A prisoner must exhaust administrative remedies regardless of the relief

9

offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Filing suit before exhausting administrative remedies dooms the action or unexhausted claim. See, e.g., Ford v. Johnson, 362 F.3d 395, 398–99 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action (or unexhausted claim) without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, No. 4:08-cv-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, because Riley failed to exhaust the claim in his January 26, 2015 filing [D.E. 16] before filing suit, the court dismisses the claim without prejudice.

Riley's allegations concerning his medical care and "suffering from severe fungus from dirty showers" and having "severe damage to my arm from injury that occ[urr]ed in this jail that is documented" are not clearly frivolous. The claims, however, fail to meet the requirements of notice pleading. Riley has failed to give defendants notice of his claims or the factual basis upon which they rest. See, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Riley also has failed to meet his burden of identifying any defendant responsible for violating his rights or their specific actions. See id. Thus, the court dismisses these claims without prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

II.

In sum, the court GRANTS Riley's motion to amend [D.E. 7], DENIES Riley's motions to appoint counsel [D.E. 7, 16], and DENIES the remaining pending motions [D.E. 8–9, 11, 17]. The

10

clerk shall mail Rick Toscano, Joel Woods, and Jacques Chavis a pro se packet together with a copy of this order. The court DISMISSES AS FRIVOLOUS all of Riley's claims except his allegations concerning his medical care, "suffering from severe fungus from dirty showers," having "severe damage to my arm from injury that occ[urr]ed in this jail that is documented," and the serving of food to which he was allergic, which the court DISMISSES WITHOUT PREJUDICE.

SO ORDERED. This \_1\_ day of June 2015.

JAMES C. DEVER III
Chief United States District Judge